UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID KAMINSKI,  Case No. 16-cv-1046-pp

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3)**

---

On August 8, 2016, the plaintiff filed a complaint requesting that the court review the denial of a portion of his Social Security Supplemental Income and Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of his motion that the court allow him to proceed with the case without paying the filing fee. Dkt. No. 3. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

In his affidavit, the plaintiff indicates that he is not employed or married and has no dependents. Dkt. No. 2 at 1. He receives no monthly income and has no financial assets other than $137 in a checking account. Id. at 2-3. He does not own a vehicle or any property of value. Id. at 3. The affidavit indicates that he has $55 in monthly expenses, which his mother pays. Id. at 2. The

1

plaintiff has demonstrated that he cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous or fails to state a claim for which relief may be granted. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's application for Social Security benefits covered the period from July 22, 2010 through June 10, 2013. Dkt. No. 1 at 2. The ALJ issued a partially favorable decision, finding that the plaintiff was disabled from April 18, 2012 through June 10, 2013. Id. The plaintiff now seeks review of the ALJ's decision only for the period of time that the ALJ found him not to be disabled. Id. The plaintiff states that he was disabled during the time period relevant to this case, and that the ALJ's unfavorable conclusions and findings of fact were not supported by substantial evidence and/or were contrary to law and regulation. Id.

Based on the allegations in the complaint, the court finds that the plaintiff has stated a claim that the Commissioner's decision denying in part

2

the plaintiff's application for benefits is not supported by substantial evidence or is contrary to law and regulation. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 17th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge